No. 15-16048

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Kaye Christian,

Plaintiff-Appellee,

v.

Commonwealth of the Northern Mariana Islands, Commonwealth Healthcare Corporation, Eusebio Manglona, Dr. Francois Claassens, and Does 1-10, Defendants-Appellants.

On appeal from the United States District Court for the Northern Mariana Islands

District Court Case No. 1:14-00010

The Honorable Ramona V. Manglona Presiding

## URGENT MOTION UNDER CIRCUIT COURT RULE 27-3(b)
## DEFENDANTS-APPELLANTS' URGENT MOTION FOR A STAY OF THE TRIAL BEFORE THE DISTRICT COURT
## NECESSARY ACTION ON OR BEFORE APRIL 1, 2016

Edward Manibusan
Attorney General of the Commonwealth

James M. Zarones
Chief of the Solicitor Division

Office of the Attorney General
Commonwealth of the Northern Mariana Islands
Caller Box 10007, Capitol Hill
Saipan, MP  96950
Tel: (670) 237-7500
Attorneys for the Defendants-Appellants

-2-

## MOTION

Pursuant to Rule 8(a)(2) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 27-3(b), Defendants-Appellants Commonwealth of the Northern Mariana Islands ("Commonwealth Government"), the Commonwealth Healthcare Corporation ("Corporation"), and the Official Capacity Defendants submit this urgent motion for a stay of the trial before the United States District Court for the Northern Mariana Islands.

For purposes of this motion, the term "Commonwealth Defendants" refers to all Defendants-Appellants.

## CERTIFICATION OF IRREPARABLE HARM

The Commonwealth Defendants certify that, pursuant to Circuit Rule 27-3(b), a stay must be issued by April 1, 2016, to avoid the irreparable harm of a trial during the pendency of their interlocutory appeal. At issue in this interlocutory appeal is whether the Commonwealth of the Northern Mariana Islands may assert sovereign immunity to federal suits founded on Commonwealth law. Sovereign immunity is immunity to suit. The purpose of the interlocutory appeal is to protect appellants from discovery and trial while the issue of immunity is resolved. If a stay is not issued by April 1, 2016, then the Corporation and the Official Capacity Defendants will be forced to prepare for trial and arrange for the transportation and

-3-

lodging of nearly all of the witnesses in this case.[1] Ultimately, the Corporation and the Official Capacity Defendants will be required to defend themselves at trial on June 1, 2016, despite the interlocutory appeal before this Court. If this appeal succeeds, and the Commonwealth Defendants are found to have sovereign immunity, then the majority of Kaye Christian's case will be dismissed for lack of jurisdiction. However, if trial is allowed to proceed before the interlocutory appeal is decided, the Corporation and the Official Capacity Defendants will be subjected to a trial that should not occur because they are immune to suit.

Even if a stay were granted as to all of the Commonwealth Defendants, the district court intends to begin trial on June 1, 2016. If a stay of the trial as to all causes of action is not issued, then the causes of action that are presently on appeal before this Court will be simultaneously tried before the district court. As a result, the Commonwealth Defendants will likely suffer issue preclusion as a consequence of pursuing their right to sovereign immunity before this Court.

Thus, regardless of the outcome of the interlocutory appeal, the Commonwealth Defendants will lose the protections of their sovereign immunity if a stay is not issued by April 1, 2016.

## NOTIFICATION TO OPPOSING COUNSEL

The Commonwealth Defendants certify that, pursuant to Circuit Rule

---

[1] Trial before the United States District Court for the Northern Mariana Islands will be held on the island of Saipan. The witnesses and parties to this case all reside on the island of Rota.

27-3(b)(1), Kaye Christian, through her attorney, has been notified of this motion. Christian was provided with a copy of the motion prior to its filing with this Court and she has indicated that she will oppose this motion.

## CIRCUIT RULE 27-3(b)(4) CERTIFICATION

The Commonwealth Defendants certify that, pursuant to Ninth Circuit Rule 27-3(b)(4), relief was available and sought before the United States District Court for the Northern Mariana Islands. The United States District Court for the Northern Mariana Islands granted a stay as to the Commonwealth Government, but denied the stay as to the Corporation and the Official Capacity Defendants. The district court refused to stay the trial in this matter.

## CORPORATE DISCLOSURE STATEMENT

The Commonwealth Healthcare Corporation is a public corporation that operates within the executive branch of the Commonwealth government. As such, it is not required to submit a corporate disclosure statement. *See* FRAP 26.1(a). The Commonwealth Healthcare Corporation does not have a parent corporation and there are no public corporations that own 10% of its stock.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On December 31, 2013, Kaye Christian was involuntarily committed at the Commonwealth Healthcare Corporation. (ECF 28 ¶ 44). She was released from the Corporation's psychiatric ward on January 3, 2014. (ECF 28 ¶ 47).

On April 24, 2015, the United States District Court for the Northern Mariana

-5-

Islands dismissed portions of Christian's First Amended Complaint for failure to state a claim upon which relief may be granted. After considering the Commonwealth's assertion of sovereign immunity, the district court held that *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), deprived the Commonwealth of its right to assert sovereign immunity to all federal suits, including those premised on Commonwealth law. (ECF 27 p. 17).

On May 11, 2015, Plaintiff filed her Second Amended Complaint. The Second Amended Complaint contains twelve causes of action. Nine of the causes of action are founded solely on alleged violations of Commonwealth law and are directed at the Commonwealth Defendants. (ECF 28).

On May 26, 2015, the Commonwealth Defendants filed their Notice of Appeal of the district court's order denying their assertion of sovereign immunity. (ECF 30). On October 30, 2015, the Commonwealth Defendants moved the district court to immediately stay the causes of action arising under Commonwealth law, and to stay the remaining proceedings at the conclusion of non-expert discovery. (ECF 49 p. 1).

On February 2, 2016, the district court partially granted and partially denied the Commonwealth Defendants' motion for a stay. (Exhibit A p. 7). The district court acknowledged that it did not have jurisdiction over the Commonwealth Government, and therefore, stayed the proceedings against the Commonwealth

-6-

Government. (Exhibit A p. 4). The district court denied the Corporation's request for a stay and denied the Official Capacity Defendants' request for a stay. (Exhibit A p. 7). The district court did not justify, or provide any reasoning, for its decision to assert jurisdiction over the trial of the Corporation and the Official Capacity Defendants.

As it stands, the causes of action that are the subject of the interlocutory appeal before this Court are simultaneously set for trial before the district court. (Exhibit A P. 7; ECF 48 ¶ 12). For this reason, the Corporation and the Official Capacity Defendants move this Court to stay the trial as to all causes of action subject to the interlocutory appeal.

In addition, the district court refused to stay the trial of the causes of action that are not the subject of this appeal, although the district court acknowledged that Defendants-Appellants would likely be prejudiced by issue preclusion. (Exhibit A p. 5-6). The Commonwealth Defendants respectfully move this Court to issue a stay of the trial as to all causes of action and all parties because the facts, witnesses, and issues are common to all parties and all causes of action.

## THE DISTRICT COURT'S ORDER

As previously described, the Commonwealth Defendants moved the district court to stay discovery against the Commonwealth, and to stay the remainder of the proceedings once non-expert discovery was completed. (ECF 49 p. 1). The

Commonwealth Defendants moved the court to issue a stay because the interlocutory appeal in this matter divested the district court of jurisdiction. (Exhibit A p. 3). The district court granted the stay as to the Commonwealth Government. (Exhibit A p. 4). However, the district court denied the stay as to the Corporation and the Official Capacity Defendants. (Exhibit A p. 1, 7) (The Court "will deny the motion without prejudice as to the official capacity defendants.") ("Proceedings involving the other Defendants shall continue as provided in the case management order unless ordered otherwise.") The district court did not provide an explanation for its continued jurisdiction over the Corporation and the Official Capacity Defendants in the light of the ongoing interlocutory appeal. Nor did the district court explain the basis for its differentiation between the Corporation, the Official Capacity Defendants, and the Commonwealth Government. This differentiation was, in itself, judicial error. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

If the Corporation and the Official Capacity Defendants are forced to go to trial, then the protections afforded to them by the interlocutory appeal will be lost. In addition, if the district court is permitted to hold multiple trials involving the

same causes of action; the same issues; and the same facts; then interlocutory appeals will severely prejudice appellants seeking to protect their rights by way of interlocutory appeal.

Therefore, the Commonwealth Defendants respectfully move this Court to issue a stay of the trial as to all parties and causes of action.

## THE CAUSES OF ACTION ON APPEAL ARE NEARLY IDENTICAL TO THE CAUSES OF ACTION NOT ON APPEAL

The causes of action subject to the interlocutory appeal before this Court, and the remaining causes of action, revolve around the same causes of action, parties, witnesses, facts, and legal theories. The following table summarizes Christian's Second Amended Complaint. The causes of action are listed out-of-order for purposes of comparison:

| Count | Basis | Def's | Summary |
|---|---|---|---|
| 1. | 42 U.S.C. § 1983 | Manglona, Claassens, Does 1-10; Both Official and Personal Capacity | Manglona's entry onto Christian's property, and his seizure of Christian, violated her rights. (ECF 28 ¶¶ 72-74). This cause of action is not on appeal. |

| 6. | Art. I, § 3, NMI Constitution | Commonwealth Government | Manglona's entry onto Christian's property, and his seizure of Christian, violated her rights. (ECF 28 ¶¶ 92-93).This cause of action mirrors Count 1, except that it is directed solely at the Commonwealth Government. (ECF 28 ¶¶ 72-74, 93). This cause of action is subject to the interlocutory appeal. |
| 2. | 42 U.S.C. § 1983 | Manglona, Claassens, Does 1-10; Both Official and Personal Capacity | Defendants violated Christian's rights by restraining Christian and by violating the Commonwealth's Involuntary Commitment Act. (ECF 28 ¶¶ 76-79). This cause of action is not on appeal. |

| 7. | Involuntary Civil Commitment Act | Corporation, Claassens; Both Official and Personal Capacity | Defendant Claassens did not have probable cause to believe Christian was a danger to herself or others, and therefore, violated the Commonwealth's Involuntary Civil Commitment Act. (ECF 28 ¶¶ 95-101). This cause of action is very similar to Count 2. (ECF 28 ¶¶ 76-79, 95-101). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |
| --- | --- | --- | --- |
| 3. | 42 U.S.C. § 1983 | Manglona, Does 1-10; Both Official and Personal Capacity | Manglona violated Christian's rights by physically restraining Christian. (ECF 28 ¶¶ 81-84). This cause of action is not on appeal. |

| 8. | Patients' Rights Act | Manglona, Claassens, Does 1-10; Both Official and Personal Capacity | The defendants violated the Patients' Rights Act by using chemical restraints against Christian. (ECF 28 ¶¶ 103-105). This cause of action is very similar to Count 3. (ECF 28 ¶¶ 81-84, 103-105). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |
| --- | --- | --- | --- |
| 4. | Breach of Contract | Commonwealth Government, Corporation | The defendants breached a contract with Christian by using handcuffs on Christian. (ECF 28 ¶¶ 86-87). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |

| 5. | Breach of Contract | Commonwealth Government, Corporation | The defendants breached a contract with Christian by failing to train their employees. (ECF 28 ¶¶ 89-90). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |
|---|---|---|---|
| 9. | Patients' Rights Act | Manglona, Does 1-10; Both Official and Personal Capacity | The defendants violated the Patients' Rights Act by handcuffing Christian. This cause of action is subject to the interlocutory appeal. (ECF 28 ¶¶ 106-108), but is presently set for trial. |
| 10. | Patients' Rights Act | Corporation | The Corporation violated the Patients' Rights Act by failing to provide Christian with a telephone. (ECF 28 ¶¶ 110-115). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |

-13-

| 11. | Patients' Rights Act | Corporation | The Corporation violated the Patients' Rights Act by failing to provide Christian with a copy of her rights. (ECF 28 ¶¶ 117-119). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |
|-----|---------------------|-------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 12. | Patients' Rights Act | Corporation | The defendant violated the Patients' Rights Act by denying Christian access to her personal possessions. (ECF 28 ¶¶ 121-123). This cause of action is subject to the interlocutory appeal, but is presently set for trial. |

## **ARGUMENT**

I.  **Because filing an interlocutory appeal divests the district court of jurisdiction over trial, and the district court held that it may exercise jurisdiction over the trial notwithstanding the interlocutory appeal, the district court made an error of law and this Court should stay the trial before the district court.**

The Court should stay the trial before the district court because the filing of

the interlocutory appeal, seeking reversal of the district court's denial of the

Commonwealth Defendants' sovereign immunity, divested the district court of

-14-

jurisdiction.

The denial of sovereign immunity is the denial of an immunity from suit, which is immediately appealable under the collateral order doctrine. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143–45 (1993). Thus, a stay of the trial is appropriate because "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Here, the Corporation and the Official Capacity Defendants filed an interlocutory appeal, and therefore, they were entitled to a stay of the trial. However, the district court refused to grant a stay and the trial will go forward as scheduled. (Exhibit A p. 1, 7). The district court's refusal to grant a stay was in error, and therefore, this Court should grant a stay of the trial as to the Corporation and the Official Capacity Defendants.

Furthermore, all but the first three causes of action, which are premised on 42 U.S.C. § 1983, are presently on appeal before this Court. The first three causes of action involve the same facts, witnesses, and legal theories underlying the causes of action that are a part of the interlocutory appeal. Therefore, a trial cannot be held in this matter until a decision is rendered in the interlocutory appeal.

*Griggs*, 459 U.S. at 58. Because all aspects of this case are involved in the interlocutory appeal, and an interlocutory appeal divests the district court of jurisdiction over all aspects of the case on appeal, the district court was required to stay the trial.

Wherefore, the Court should stay the trial until the interlocutory appeal is decided.

### A. The denial of sovereign immunity is an immediately appealable order.

The Commonwealth Defendants properly filed an interlocutory appeal before this Court.

Sovereign immunity is immunity from suit, rather than a mere defense to liability. *P.R. Aqueduct*, 506 U.S. at 143–44; *Kawananakoa v. Polyblank*, 205 U.S. 349, 353 (1907). The benefits of immunity from suit are "avoiding the costs and general consequences of subjecting [state and territorial governments] to the risks of discovery and trial." *P.R. Aqueduct*, 506 U.S. at 143–44 (emphasis added) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (analogizing appeals from denials sovereign immunity to appeals from denials of qualified immunity)). Here, the Commonwealth Defendants filed an interlocutory appeal based on their assertion of sovereign immunity. Despite their request for a stay of the proceedings, the district court improperly required the Commonwealth Defendants to participate in discovery and intends to subject the Corporation and the Official Capacity

Defendants to trial.

An integral aspect of sovereign immunity is not suffering the indignity of being subjected to proceedings before another sovereign's courts. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 258 (2011) ("The specific indignity against which sovereign immunity protects is the insult to a State of being haled into court without its consent."). For this reason, denials of sovereign immunity are immediately appealable under the collateral order doctrine. *P.R. Aqueduct*, 506 U.S. at 144; *Del Campo v. Kennedy*, 517 F.3d 1070, 1074 (9th Cir. 2008).

On April 24, 2015, the district court issued its Decision and Order denying the Commonwealth's assertion of sovereign immunity. (ECF 27). The Commonwealth filed its Notice of Appeal on May 26, 2015. (ECF 30). The Commonwealth's Notice of Appeal was timely filed because the deadline to file the Notice of Appeal ended one day past Sunday May 25, 2015. Fed. R. App. P. 26(a)(1)(C); *see also* Fed. R. App. P. 26(c). The interlocutory appeal was appropriate because the district court's denial of the Commonwealth Defendants' assertion of sovereign immunity is a conclusive determination that the Commonwealth Defendants have no right to not be sued in federal court. *See P.R. Aqueduct*, 506 U.S. at 155.

Christian did not dispute that the Commonwealth Defendants properly filed an interlocutory appeal in this matter. (Exhibit A). Indeed, the district court granted

-17-

a stay of all proceedings against the Commonwealth Government. (Exhibit A p. 4). However, the district court refused to grant a stay to the Corporation and the Official Capacity Defendants. (Exhibit A p. 1, 7). The Commonwealth Government, the Corporation, and the Official Capacity Defendants jointly filed the exact same interlocutory appeal. (ECF 30). The district court did not hold or imply that the Corporation and the Official Capacity Defendants failed to properly seek an interlocutory appeal before this Court. (Exhibit A).

Because the denial of sovereign immunity is an immediately appealable order, and the district court denied the Commonwealth Defendants' assertion of sovereign immunity, the Commonwealth Defendants' were permitted to file an interlocutory appeal before this Court.

### B.   The filing of an interlocutory appeal divested the district court of jurisdiction over all aspects of the case that are presently on appeal.

This Court should stay the trial scheduled before the district court because the interlocutory appeal divested the district court of its jurisdiction to hold a trial. "In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing *divests the district court of jurisdiction to proceed with trial*." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (emphasis added). Furthermore, the filing of the interlocutory appeal divested the court of its jurisdiction "over the particular issues involved in th[e] appeal." *City of L.A., Harbor Div. v. Santa*

-18-

*Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).

> This divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.

*United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). Here, the Corporation and the Official Capacity Defendants were denied a stay by the district court. (Exhibit A p. 1, 7). Therefore, the Corporation and the Official Capacity Defendants will be forced to participate in the trial on June 1, 2016. The district court's decision was in error because the district court was divested of jurisdiction when the Corporation and the Official Capacity Defendants filed their interlocutory appeal. Thus, the district court was required to issue a stay of the trial as to the Corporation and the Official Capacity Defendants.

Furthermore, the Commonwealth Defendants moved the district court to stay all of the proceedings in the case until this Court renders a decision on the interlocutory appeal. The Commonwealth Defendants moved for a stay for two reasons. First, because the district was divested of jurisdiction to proceed with trial when the Commonwealth Defendants filed their interlocutory appeal. *Chuman*, 960 F.2d at 105. Second, because the district court may not exercise jurisdiction "over the particular issues involved in th[e] appeal." *City of L.A.*, 254 F.3d 882 at 886. Unless this Court intervenes, the following causes of action will proceed to trial during the interlocutory appeal: (1) counts one, two, and three; all of which involve

the same parties, facts, witnesses, and legal theories as Counts four through twelve; (2) counts four, five, and seven-through-twelve; which are subject to the interlocutory appeal before this Court. Because the district court lacks jurisdiction over any aspect of the case that is on appeal, and a trial in this matter will involve the issues before this Court, this Court should stay the trial as to all parties and causes of action.

## CONCLUSION

The Corporation and the Official Capacity Defendants are pursuing an interlocutory appeal before this Court and are simultaneously scheduled to appear for trial on June 1, 2016. The Court should stay the trial of all causes of action subject to the interlocutory appeal because the Commonwealth Healthcare Corporation and the Official Capacity Defendants should not be, and cannot be, forced to proceed to trial while they prosecute their interlocutory appeal before this Court.

The Court should stay the trial as to all parties and all causes of action because the filing of the interlocutory appeal divested the district court of jurisdiction over all aspects of the case involved in the appeal. Here, all of the causes of action in this case are inexorably intertwined. Therefore, this Court should stay the trial in this matter until a decision is rendered in the interlocutory appeal.

Wherefore, the Commonwealth Defendants move this Court to stay the trial as to all parties and all causes of action until a decision has been rendered in the interlocutory appeal.

Dated: February 25, 2016   Respectfully submitted,

          Edward Manibusan
          Attorney General for the Commonwealth
          Office of the Attorney General
          Commonwealth of the Northern Mariana Islands

          /s/ James M. Zarones
          James Zarones
          Chief of the Solicitor Division
          Office of the Attorney General
          Commonwealth of the Northern Mariana Islands
          Attorneys for Defendants-Appellants

## CERTIFICATE OF SERVICE

**All Case Participants are Registered for the Appellate CM/ECF System:**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 25, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

          /s/ James M. Zarones
          James Zarones
          Chief of the Solicitor Division
          Office of the Attorney General
          Commonwealth of the Northern Mariana Islands
          Attorney for Defendants-Appellants